UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TORREY MCKENZIE,

    Plaintiff,

v().                                                    Case No. 3:18-cv-1445-J-34JBT

MEDIATAKEOUT.COM, LLC,
d/b/a MediaTakeout.com,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

Plaintiff, Torrey McKenzie, originally filed this lawsuit in the Fourth Judicial Circuit Court in and for Duval County, Florida. See Complaint (Doc. 2, Complaint). On December 5, 2018, Defendant, Mediatakeout.com ("MTO"), filed a Notice of Removal (Doc. 1, Notice) notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Notice at

1

1 - 3. Specifically, MTO asserts that the Court has subject matter jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. See id. at 2. In support of this assertion, MTO declares, in part, that it is "a company domiciled in New York State, and Plaintiff claims to reside in Duval County, Florida; as such, there is diversity of citizenship." Id. Likewise, MTO "asserts its reasonable and good faith belief that the amount in controversy of this alleged cause of action exceeds the value of $75,000 exclusive of interests and costs." Id. at 2. However, MTO also states that "[i]n the event the Court determines that additional information is necessary to confirm the amount in controversy, the proper remedy is to allow initial discovery in federal court to provide the information." Id. at 3.

There are multiple problems with MTO's allegations, each of which undermine the Court's ability to determine its subject matter jurisdiction over this matter. First, the Notice identifies MTO as a limited liability company (LLC). See id. at 1. However, in asserting that MTO is a citizen of the State of New York, MTO appears to rely on an analysis better suited for natural persons or corporations, rather than companies. Because the requirements for demonstrating the citizenship of a limited liability company, a corporation, and a natural person are different, the Court cannot determine MTO's citizenship from the assertions in the Notice. Second, the Notice states that the Plaintiff, McKenzie, resides in Florida. Such an allegation is insufficient for determining the citizenship of a natural person. Finally, MTO's allegations regarding the amount in controversy do not provide the Court with sufficient information to determine its jurisdiction over this matter.

First, for the purposes of establishing diversity jurisdiction, "a limited liability

2

company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, MTO is denominated as an LLC, but MTO does not provide the information necessary to determine the citizenship of such an entity. As such, clarification is necessary to determine the citizenship of MTO.

In this regard, MTO must specify whether it is an LLC or a corporation. If, despite its name, MTO is a corporation, MTO must sufficiently allege each place in which is incorporated as well as its principal place of business. Conversely, if MTO is, as it appears to be, an LLC, MTO must allege the citizenship of each of its members.[1] Accordingly, the information presently before the Court regarding MTO's citizenship is insufficient to invoke the Court's subject matter jurisdiction over this action.[2]

---

[1] MTO is reminded that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the

Second, MTO's Notice is insufficient to the extent it relies on the fact that Plaintiff, McKenzie, "claims to reside in Duval County, Florida . . . ." Notice at 2. In order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, the assertions in the Notice as to McKenzie's residence are insufficient to establish his citizenship for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Finally, MTO's allegations regarding the amount in controversy fail to meet the standard necessary for the Court to determine its jurisdiction over this matter. In Dart Cherokee Basin Operating Co. LLC v. Owens, the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. LLC v. Owens, 135 S.Ct. 547, 554 (2014). If the plaintiff contests the allegation, or

---

citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams v. Best Buy, Co., 269 F.3d 1316, 1320 (11th Cir. 2001). Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[3]

Here, MTO's allegations in the Notice regarding the amount in controversy merely suggest without any factual support that MTO has a "reasonable and good faith belief that the amount in controversy of this alleged cause of action exceeds the value of $75,000 exclusive of interests and costs." Notice at 2. This conclusory statement is insufficient.

---

[3] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

The Court notes that MTO appears to recognize the insufficiency of its allegations, in that MTO further asserts that "[i]n the event the Court determines that additional information is necessary to confirm the amount in controversy, the proper remedy is to allow initial discovery in federal court to provide the information." Id. at 3 (citing Steele v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986)). And indeed, a court may permit parties to engage in jurisdictional discovery to determine whether diversity jurisdiction exists. See Gallon v. Harbro Freight Tools USA, Inc., No. 8:17-cv-520-T-24 MAP, 2017 WL 1291072, at *4 (M.D. Fla. Apr. 7, 2017) (citing Bennett v. USA Water Polo, Inc., No. 08-23533-CIV, 2009 WL 1089480, at *1 (S.D. Fla. Apr. 21, 2009)). However, while MTO suggests that such jurisdictional discovery may be necessary in the instant case, it has failed to properly request such relief. This is so because the inclusion of a request for affirmative relief in a notice of removal, rather than filing a motion, is improper. See Rule 7(b)(1), Federal Rules of Civil Procedure (Rules(s)). Moreover, MTO has failed to comply with either Rule 3.01(a), or Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rules(s)), with respect to its suggestion that it be granted the opportunity to engage in jurisdictional discovery. Accordingly, even if the Court construes the language in MTO's Notice as a request for jurisdictional discovery, that request is not properly before the Court and will not be considered at this time. MTO may file an appropriate motion seeking this relief, if necessary, after complying with Local Rule 3.01(g).

For all the foregoing reasons, the Court is unable to determine whether subject matter jurisdiction exists over this action. The citizenship of both the Plaintiff, McKenzie, and Defendant, MTO, are unclear. Additionally, MTO's Notice fails to sufficiently allege

the amount in controversy. In light of the foregoing, the Court will give MTO[4] an opportunity to demonstrate that the Court has subject matter jurisdiction over this case, or seek appropriate relief enabling it to do so, on or before **January 2, 2019**.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of December, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:

Counsel of Record

---

[4] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").